## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JON A. HICKS and AMY E. HICKS, | ) |
| | ) |
| Debtors, | ) |
| _____ | ) |
| J. MICHAEL MORRIS, Trustee, | ) |
| Plaintiff, | ) **CIVIL ACTION** |
| | ) |
| v. | ) No. 05-1370-MLB |
| | ) |
| BOEING WICHITA CREDIT UNION; JON | ) |
| A. HICKS; AND AMY E. HICKS, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| BOEING WICHITA CREDIT UNION, | ) |
| Third Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF KANSAS, DEPARTMENT OF | ) |
| REVENUE, DIVISION OF VEHICLES, | ) |
| Third Party Defendants. | ) |
| _____ | ) |

### MEMORANDUM AND ORDER

This case comes before the court on appeal from the bankruptcy court's Memorandum Decision Granting Trustee's Complaint for Lien Avoidance.   (Doc. 5, attach. 16).   This court has jurisdiction pursuant to 28 U.S.C. § 1334.

### I.   STANDARD OF REVIEW

In reviewing an order of a bankruptcy court, findings of fact by the bankruptcy court will not be set aside unless clearly erroneous. In re Fullmer, 962 F.2d 1463, 1466 (10th Cir. 1992).   In this case, the facts are stipulated.   Conclusions of law are subject to de novo review.   In re Mullet, 817 F.2d 677, 678-79 (10th Cir. 1987).

### II.   SUMMARY OF FACTS AND PROCEDURAL HISTORY

The parties have stipulated to the following facts:

1. On September 2, 2003, Debtors purchased a 1994 Ford Expedition with the VIN of 1FMPU18L5XLC09309 (Ford) from Innovative Auto Sales. BWCU [Boeing Wichita Credit Union] was granted a purchase money security interest in the Ford.

2. On September 2, 2003, Amy Hicks signed a Notice of Security Interest (NOSI) in favor of BWCU on the Ford.

3. BWCU mailed a check in the amount of $52.50 for recording fees to the KDOR with twenty-one NOSI forms, including the one on the Debtors' Ford. The check was deposited on September 10, 2003.

4. KDOR [Kansas Department of Revenue] acknowledges receiving the NOSI dated September 2, 2003, from BWCU on September 8, 2003.

5. On October 22, 2003, the Debtors made a submission to the Kansas Department of Revenue in applying for title on the Ford pursuant to K.S.A. 8-135(b). This submission by the Debtors failed to note the lien of BWCU.

6. A paper document denominated "title" was subsequently printed by the Kansas Department of Revenue, indicating its "issue date" to be December 1, 2003. This document did not list the BWCU or anyone else as a lienholder. This document was mailed to the Debtors and it was in their possession on the date of the bankruptcy.

7. From at least December 1, 2003, through May 26, 2004, the digital records of the Kansas Department of Revenue showed the debtors to be the owners of the Ford, with no lien.

8. On December 8, 2003, Debtors filed for Chapter 7 bankruptcy protection.

9. On or about December 18, 2003, Debtors made submission of documents to the Kansas Department of Revenue. This submission of the Debtors listed the lien of the BWCU. The Debtors surrendered the December 1, 2003 title to the Kansas Department of Revenue as part of this submission.

10. On May 26, 2004, the BWCU's lien began to appear on the digital records of the Department of Revenue, by virtue of the second documents submission of the Debtors of December 18, 2003.

11. On May 7, 2004, the Debtors received their discharge.

(Doc. 5, attach. 16 at 3-4).

United States Bankruptcy Judge Dale Somers concluded that BWCU's lien was not perfected at the time the debtors filed for bankruptcy. BWCU appeals.  KDOR, while labeled as appellee, also urges this court to reverse the decision of the bankruptcy court.

## III. ANALYSIS

The applicable Kansas statutes concerning vehicle registration and titling read as follows:

> An application for certificate of title shall be made by the owner or the owner's agent upon a form furnished by the division and shall state all liens or encumbrances thereon, and such other information as the division may require. Notwithstanding any other provision of this section, no certificate of title shall be issued for a vehicle having any unreleased lien or encumbrance thereon, unless the transfer of such vehicle has been consented to in writing by the holder of the lien or encumbrance.

K.S.A. 8-135(c)(1).

> Upon sale and delivery to the purchaser of every vehicle subject to a purchase money security interest as provided in article 9 of chapter 84 of the Kansas Statutes Annotated, and amendments thereto, the dealer or secured party may complete a notice of security interest and when so completed, the purchaser shall execute the notice, in a form prescribed by the division, describing the vehicle and showing the name and address of the secured party and of the debtor and other information the division requires. The dealer or secured party, within 20 days of the sale and delivery, may mail or deliver the notice of security interest, together with a fee of $2.50, to the division. The notice of security interest shall be retained by the division until it receives an application for a certificate of title to the vehicle and a certificate of title is issued. The certificate of title shall indicate any security interest in the vehicle. Upon issuance of the certificate of title, the division shall mail or deliver confirmation of the receipt of the notice of security interest, the date the certificate of title is issued and the security interest indicated, to the secured party at the address shown on the notice of security interest. The proper completion and timely mailing or delivery of a notice of security interest by a dealer or secured party shall perfect a security interest in the vehicle described

-3-

on the date of such mailing or delivery. The county
treasurers shall mail a copy of the title application to
the Kansas lienholder. Each county treasurer shall charge
the Kansas lienholder a $1.50 service fee for processing
and mailing a copy of the title application to the Kansas
lienholder.

K.S.A 8-135(c)(5).

On and after January 1, 2003, when an assignment of
title or manufacturer's statement of origin indicates that
there is a lien or encumbrance on a vehicle or if a notice
of security interest has been filed with the division, the
division shall retain possession of such certificate of
title electronically and shall create an electronic
certificate of title. The provisions of article 1 of
chapter 8 of the Kansas Statutes Annotated, and amendments
thereto, shall apply to an electronic certificate of title,
except as otherwise provided by statute or by rules and
regulations adopted pursuant to subsection (b).

K.S.A. 8-135d(a).

The parties agree that BWCU perfected its security interest in
the vehicle by properly completing and timely mailing a notice of
security interest (NOSI). Sections 8-135(c)(1) and (5) state that a
title <u>shall</u> indicate the lien interest. It is undisputed that neither
the "paper" or "digital" titles reflected BWCU's lien during the
relevant periods. Whether these omissions were the result of
negligence is not an issue in this appeal. Rather, the threshold
issue is whether the certificate of title issued on December 1, 2003,
was "appropriate", notwithstanding its failure to comply with the
mandatory requirements of the statute regarding listing of a
lienholder on the title. A secondary issue is whether, in the event
the certificate of title was not "appropriate," the security interest
created by the NOSI survived and was in effect when the debtors filed
for bankruptcy on December 8, 2003.

In <u>Mid Am. Credit Union v. Board of County Com'rs of Sedgwick</u>

-4-

County, 15 Kan. App.2d 216, 806 P.2d 479 (1991), the court of appeals examined K.S.A. 8-135(c)(5) and determined that a security interest is perfected when a lienholder files a NOSI, but that perfection is valid only until the notation of the lien is present on the title. Id. at 223. Mid. Am. clearly states that an "appropriate certificate of title" must list all liens. Id. at 219. There is no dispute that the title did not list the BWCU lien and, accordingly, it was not an appropriate certificate of title.

The Tenth Circuit has interpreted K.S.A. 8-135 to provide a lienholder with alternative routes of perfection.

> Under Kan. Stat. Ann. §§ 84-9-302(3)(c) (1996) and 8-135(c)(2) and (5) (1996), "there are two alternative ways that a secured creditor on a motor vehicle can perfect its security interest: (1) by having its lien noted on the certificate of title which is then duly filed, or (2) by filing a 'notice of security interest' ("NOSI")."

In re Charles, 323 F.3d 841, 843 (10th Cir. 2003)(citing In re Charles, 268 B.R. at 577; accord Beneficial Fin. Co. of Kan., Inc. v. Schroeder, 12 Kan. App.2d 150, 737 P.2d 52, 53 (1987).

There is no statute or case which states or holds that a lien created by an NOSI is "lost" or ceases to exist or becomes invalid if an inappropriate or invalid certificate of title is issued, undoubtedly because such a result would be contrary to common sense. The court finds that BWCU's interest in the vehicle was perfected upon filing the NOSI and was not "lost" by the issuance of the inappropriate title.[1]  BWCU continued to have a perfected security

---

[1] This determination is based solely on the stipulated facts presented in this case and therefore is entitled to little or no value as precedent. It is important to note that no unsecured creditors or purchasers have been prejudiced. Allowing the trustee to avoid BWCU's lien would result in "a windfall to the unsecured creditors." In re

interest in the vehicle.  Thus, the bankruptcy court erred in granting the trustee's motion to avoid BWCU's lien.

**IV.  CONCLUSION**[2]

The bankruptcy court's Memorandum Decision Granting Trustee's Complaint for Lien Avoidance  (Doc. 5, attach. 16) is reversed and this case is remanded to the bankruptcy court.

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992).  The response to any motion for reconsideration shall not exceed 3 double-spaced pages.  No reply shall be filed.


IT IS SO ORDERED.

Dated this   <u>26th</u>   day of June 2006, at Wichita, Kansas.

_____

<u>Littlejohn</u>, 519 F.2d 356, 359 (10th Cir. 1975).

[2] KDOR has requested this court to certify a question to the Kansas Supreme Court.  KDOR has not specified the exact question to be certified, but essentially requests that this court seek clarification from the Supreme Court as to when a secured party has perfected its interest under K.S.A. 8-135(c)(5).
"Certification is a useful procedure commended by the Supreme Court." <u>Roane v. Koch Industries, Inc., et. al.</u>, 103 F. Supp.2d 1286, 1290 (D. Kan. 2000) (citations omitted).  "It is well-established law in this circuit that certification is particularly appropriate where the legal question at issue is novel and the applicable state law is unsettled." <u>Id.</u>  "On the other hand, certification is never compelled, and should not 'be routinely invoked whenever' a new or unsettled question of state law is raised." <u>Id.</u> (quoting <u>Copier By and Through Lindsey v. Smith & Wesson Corp.</u>, 138 F.3d 833, 838 (10th Cir. 1998)) (additional citation omitted). "Certification is a matter committed to the federal court's sound discretion." <u>Id.</u>
Based on the court's interpretation of the relevant statutes and applicable case law, the court finds that certification is not necessary.  KDOR's request to certify a question to the Kansas Supreme Court is therefore denied.

-6-

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE